**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| VICENTE ORTIZ,<br><br>　　　　Petitioner/Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | No. CV 08-550-PHX-MHM (CRP)<br>CR 04-1303-PHX-MHM<br><br>**REPORT AND**<br><br>**RECOMMENDATION** |

　　　Vincente Ortiz ("Movant"), filed a pro se Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc 1). Movant requests relief on three grounds. He argues (1) ineffective assistance of trial counsel, alleging counsel failed to investigate both his claims of United States citizenship as a member of the Cheyenne Native American tribe and errors in the presentence report regarding his criminal history; (2) due process violations because an immigration officer rather than an immigration judge reinstated his prior deportation order; and (3) ineffective assistance of appellate counsel for not raising either of the above two claims in Movant's direct appeal. The Government responds to

Movant's Motion, arguing trial counsel did investigate Movant's claims of citizenship and criminal history and offered proof of that investigation. The Government also contends Movant's claim regarding the validity of his reinstatement order is procedurally defaulted and meritless. Finally, the Government asserts appellate counsel was not ineffective under the *Strickland* standard.

**I.     FACTUAL AND PROCEDURAL HISTORY**

On November 24, 2004, Border Patrol Agent Daniel DeLintt discovered Movant hiding in the brush along the Colorado River north of Yuma, Arizona. (Doc 3, Ex. A). Upon questioning by Agent DeLintt, Movant stated he was born in Mexicali, Baja California, Mexico. (Doc 3, Ex. A, p 163). Movant was not in possession of paperwork that would permit him to be legally present in the United States. (Doc 3, Ex. A, p 165).

A search of Movant's record by Border Patrol revealed he had been deported on two other occasions. Movant was charged with illegal reentry in violation of 8 U.S.C. §§ 1326(a), (b)(2). During his trial, Border Patrol Agent Daniel Rodriguez testified that Movant was ordered removed to Mexico by an immigration judge in August 1992 and September 1996. (*USA v. Ortiz*, cr-04-1303-PHX-MHM, Doc 102, p 35). For purposes of this Habeas Motion, the Government offers copies of the two orders in which the immigration judges ordered Movant deported. (Doc 3, Ex. F).

During the trial, defense counsel argued at length that Movant was a member of the Cheyenne Nation. In his opening statement, defense counsel argued Movant was "one of the original U.S. citizens . . . a Native American." (*USA v. Ortiz*, cr-04-1303-PHX-MHM, Doc 101, p 145). In his cross-examinations of Agents DeLintt and Rodriguez defense counsel elicited testimony that Movant was discovered near the Cocopah reservation and that he had made past claims of Native American status. (Doc 3, Ex. A, pp 145-146, 170; Ex. B, pp 54-57). Movant testified that he was born on the Cocopah Reservation and defense counsel questioned him about his family's Native American history as well as his Native American upbringing and continued cultural practices. (Doc 3, Ex.B, pp 117-135, 157-164). An affidavit from Movant's defense counsel stated that he conducted a thorough investigation

- 2 -

and hired a private investigator to research Movant's claim of U.S. citizenship. (Doc 3, Ex. D).

The jury found Movant guilty of the illegal reentry. Judge Murguia sentenced Movant on June 19, 2006. (Doc 3, Ex. C). Prior to sentencing, defense counsel twice met with Movant and reviewed the presentence report with him. (Doc 3, Ex. C, p 3). Defense counsel also submitted numerous objections to the presentence report including objecting to Movant's place of birth as Mexico, stating instead that Movant "maintains that he was born in southern Arizona" and that Movant states he is a U.S. citizen, not a citizen of Mexico. (*USA v. Ortiz*, cr-04-1303-PHX-MHM, Doc 74, p 2). Defense counsel also objected to details of Movant's past convictions including objecting to a voluntary deportation proceeding, Movant's knowledge of marijuana in a vehicle in another incident and other alleged arrests. (*USA v. Ortiz*, cr-04-1303-PHX-MHM, Doc 74, p 2). Defense counsel also submitted an affidavit to this Court stating he diligently investigated Movant's prior criminal history and did not find any discrepancies in the presentence report. (Doc 3, Ex. D). At sentencing, Movant continued to claim he was a Native American and citizen of the United States. (Doc 3, Ex. C, p 9).

Movant did not object to his criminal history category, offense level, or guideline calculations. (Doc 3, Ex. C, pp 9-11, 5). Judge Murgia sentenced Movant to 52 months incarceration, followed by three year supervised release. (*USA v. Ortiz*, cr-04-1303-PHX-MHM, Doc 104, pp 14-15).

Movant appealed his conviction and the Ninth Circuit denied that appeal on April 12, 2007. (*USA v. Ortiz*, cr-04-1303-PHX-MHM, Docs 76, 114).

Movant then filed a timely Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 on March 19, 2008. (*USA v. Ortiz*, cr-04-1303-PHX-MHM, Doc 117).

**II.    DISCUSSION**

In his Motion, Movant first argues his trial counsel was ineffective because defense counsel failed to properly investigate his U.S. citizenship through the Cheyenne Native American tribe and that defense counsel failed to investigate Movant's prior criminal history.

The two-prong test for establishing ineffective assistance of counsel was set out by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). To prevail on an ineffective assistance claim, a convicted defendant must show: (1) that counsel's representation fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland,* 466 U.S. at 687-88. There is a strong presumption that counsel's conduct falls within the wide range of reasonable assistance. *Strickland,* 466 U.S. at 689-90. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689.

Movant's defense counsel did not fall below the established standard. In fact, based on the record, Movant's defense counsel diligently pursued Movant's defense that he was a Native American and throughly researched his prior criminal history.

Defense counsel hired a private investigator to pursue Movant's claim that he was a Native American. In his affidavit to this Court, Movant's counsel stated neither he nor the private investigator discovered any evidence to substantiate Movant's claim. Working with the evidence he did have, defense counsel presented to the jury Movant's argument that he was a Native American. Defense counsel showed that the area where Movant was discovered is close to the Cocopah reservation. Defense counsel also had Movant testify and describe his Native American heritage, lineage, and continuing practice of the culture.

With regard to the presentence report, defense counsel met with Movant twice before sentencing to review the presentence report with him. Based on his discussion with Movant, defense counsel filed objections to the presentence report stating Movant disputed his citizenship, place of birth, and the details of some of his prior criminal history. At sentencing, Movant acknowledged that he understood the sentencing guidelines, that he had spoken with his attorney about the presentence report, and Movant did not object to any of the prior convictions. Movant's claim that his trial counsel was ineffective fails.

1 | Movant also alleges that his appellate counsel was ineffective in failing to bring an
2 | ineffective assistance of trial counsel claim in his direct appeal.  Ineffective assistance of
3 | counsel claims are not appropriate for direct review, except in limited circumstances. *United*
4 | *States v. Jeronimo*, 398 F.3d 1149, 1155 (9th Cir.2005).  Such claims require a development
5 | of facts outside the record and such development is not accomplished in a direct appeal.
6 | Rather, a habeas corpus proceeding allows the defendant to "develop a record as to what
7 | counsel did, why it was done, and what, if any, prejudice resulted." *Id*. at 1156; *citing United*
8 | *States v. Laughlin*, 933 F.2d 786, 788-789 (9th Cir.1991).  The two limited circumstances in
9 | which an ineffective assistance of counsel claim is appropriate in a direct appeal occurs
10 | "where the record on appeal is sufficiently developed to permit determination of the issue"
11 | or "where the legal representation is so inadequate that it obviously denies a defendant his
12 | Sixth Amendment right to counsel." *Id*. at 1156.

It was not appropriate to bring an ineffective assistance of trial counsel claim in the direct appeal of Movant's case.  The record was not sufficiently developed on the issue of whether Movant's counsel effectively investigated Movant's criminal history until government counsel in the Habeas Petition made further inquiry.  Furthermore, the record shows that Movant's counsel diligently investigated and defended Movant on his claim of Native American status and any objections he had to his criminal history in the presentence report.  Appellate counsel was not ineffective when he did not bring a claim of ineffective trial counsel in the direct appeal.

Movant next argues his due process rights were violated when an immigration officer rather than an immigration judge reinstated his prior deportation order.  The Government argues first, Movant's claim is procedurally defaulted because he failed to raise it in his direct appeal and second, the claim is meritless.  In his Motion, Movant argues his appellate counsel erred in not making this claim in his direct appeal and thus appellate counsel was ineffective.

To avoid procedural default "a criminal defendant [that] could have raised a claim of error on direct appeal but nonetheless failed to do so, [] must demonstrate both cause

excusing his procedural default, and actual prejudice resulting from the claim of error." *United States v. Johnson,* 988 F.2d 941, 945 (9th Cir.1993). Generally, to demonstrate "cause" for procedural default, an appellant must show that "some objective factor external to the defense" impeded his adherence to the procedural rule. *Murray v. Carrier,* 477 U.S. 478, 488 (1986). If the record shows that an appellate counsel's performance fell below the standard of competency of counsel set forth in *Strickland v. Washington,* 466 U.S. 668 (1984), or that he was denied representation by counsel on appeal altogether, he has demonstrated cause for his procedural default. *Id*.

Under the *Strickland* standard, Ortiz's appellate counsel was not ineffective when he did not raise the deportation order issue in Movant's direct appeal. At trial, the Government offered proof of two prior deportations of Movant by immigration judges. Movant was first deported by an immigration judge in August 1992 and then again in September 1996. Based on these prior deportations, an immigration officer, a border patrol agent, reinstated Movant's prior deportation order. Per federal regulation, an alien who illegally renters the United States after having been removed by an immigration judge through a prior deportation order may be removed by an immigration officer. 8 C.F.R. § 241.8. The alien has no right to a hearing before an immigration judge in those circumstances. *Id*. The Ninth Circuit held this regulation permitting immigration officers rather than immigration judges to reinstate prior deportation orders under the circumstances outlined in the regulation is permissible. *Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 494-495 (9th Cir.2007). Movant's claim that his due process rights were violated when an immigration officer rather than an immigration judge reinstated his prior deportation order is meritless. Movant's appellate counsel was not ineffective in choosing not to raise this claim to the Ninth Circuit.

Movant's claim that reinstatement of his prior deportation order denied him due process is both procedurally defaulted and meritless.

### III.    RECOMMENDATION

Based on the foregoing, the Magistrate Judge recommends that the District Court, after its independent review and analysis, enter an order DISMISSING the Petition for

1  Writ of Habeas Corpus.

2      This recommendation is not an order that is immediately appealable to the Ninth
3  Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal
4  Rules of Appellate Procedure should not be filed until entry of the District Court's
5  judgment. The parties shall have ten days from the date of service of a copy of this
6  recommendation within which to file specific written objections with the court. See 28
7  U.S.C. § 636(b); Fed.R.Civ.P.Rules 72. The parties are advised that any objections filed
8  are to be identified with the following case number: cv-08-550-MHM.

9      The Clerk is directed to mail a copy of the Report and Recommendation to Movant
10 and counsel for Respondents.

11     DATED this 23rd day of June, 2009.

*[signature]*

CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE